UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RICHARD A. LARSEN, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-cv-00157-JDL |
| | ) | |
| AROOSTOOK MENTAL HEALTH CENTER, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT

Plaintiff alleges Defendant failed to assist him in state court legal proceedings. (Complaint, ECF No. 1.) In addition to his complaint, Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (ECF No. 3.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

### DISCUSSION

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or

malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'"  *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

In this case, Plaintiff alleges that Defendant did not help him obtain information from the state court regarding legal proceedings in which he is or was involved.  First, Plaintiff has alleged no facts nor asserted a legal theory that would support a finding that Defendant was in some way obligated to assist Plaintiff in the defense or prosecution of any legal claims or arguments. Furthermore, even if Plaintiff's complaint could be

construed to assert some type of legal claim, he has alleged no facts to support a claim within this Court's jurisdiction.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen,* 511 U.S. at 377 (citations omitted).  "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte."  *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011).  For the matter to proceed in this Court, Plaintiff's claim must present either a federal question, 28 U.S.C. § 1331, or a matter in controversy that exceeds the value of $75,000 between persons domiciled in different states, 28 U.S.C. § 1332.

Pursuant to section 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff's complaint does not assert a claim based on the United States Constitution, a federal statute, or a federal treaty.  The Court thus lacks federal question jurisdiction over Plaintiff's claim.

Federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States."  28 U.S.C. § 1332(a)(1).  For diversity jurisdiction, there must be "complete diversity of citizenship as between all plaintiffs and all defendants."  *Connectu LLC v.*

*Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). That is, for Plaintiff's claim to be within the Court's diversity jurisdiction, Plaintiff must have been a citizen of a different state than both the defendants on the date the complaint was filed. *See Alvarez-Torres v. Ryder Memorial Hosp., Inc.*, 582 F.3d 47, 54 (1st Cir. 2009) ("[D]iversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant"). Plaintiff, however, has alleged that he and Defendant[1] are citizens of Maine. (Complaint at 2.) Plaintiff, therefore, has not alleged a claim within this Court's diversity jurisdiction.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint. The Court has dismissed multiple claims asserted by Plaintiff based on Plaintiff's failure to allege an actionable claim within the Court's jurisdiction. *See Larsen v. State of Maine, et al.*, 1:20-cv-00450-JDL, *Larsen v. Nelson, et al.*, 1:21-cv-00096-JDL, *Larsen v. Aroostook Unified Courts*, 1:20-cv-00413-JDL, and *Larsen v. Linthicum, et al.*, 1:20-cv-00127-JDL. Given the Court's dismissal of the claims Plaintiff asserted in the filings, I also recommend the Court issue an order placing Plaintiff on notice that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

---

[1] *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

4

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 1st day of September, 2021.